UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
JOSHUA D. SICKELS,              )
SARAH R. SICKELS,               )
                                )    Bankruptcy No. 07-01569
    Debtors.                    )

### ORDER RE: RESCISSION OF REAFFIRMATION AGREEMENT

This matter came before the undersigned for trial on October 29, 2008 on Debtor's Rescission of Reaffirmation Agreement. Debtors Joshua and Sarah Sickels were represented by attorney Michael L. Mollman. Attorney Robert J. O'Shea represented Defendant Linn Area Credit Union (hereinafter "Credit Union"). After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

### STATEMENT OF THE CASE

Debtors wish to rescind a Reaffirmation Agreement. The Credit Union resists the rescission, asserting that the statutory period for rescission of the Reaffirmation Agreement has expired.

### FINDINGS OF FACT

Debtors originated a $52,800 loan and executed a mortgage on their primary residence with the Credit Union on June 13, 2007. On August 29, 2007, Debtors filed a Chapter 7 bankruptcy petition listing the Credit Union as a secured creditor. Debtors entered into a Reaffirmation Agreement with the Credit Union on October 25, 2007. Debtors and the Credit Union believed the debt was secured.

Trustee brought an action to avoid the Credit Union's lien, Adv. No. 07-09190. The mortgage was not recorded until September 27, 2007, one month after Debtors had filed their Chapter 7 petition. Trustee argued that because the mortgage was recorded postpetition it was avoidable under § 544(a)(3). Further, the Credit Union's attempt to record the mortgage was void under § 362(a)(5) as a violation of the automatic stay. The Credit Union did not resist partial summary judgment on these issues. The Court ruled that the Credit Union's mortgage lien was void on July 11, 2008.

Debtors filed a Rescission of Reaffirmation Agreement on October 9, 2008. They assert that the Reaffirmation Agreement was entered into under mutual mistake. The Credit Union objects to the proposed rescission, asserting that there was no mutual mistake and that the recision was untimely under § 524(c).

## CONCLUSIONS OF LAW

An agreement for continued payment of debt which is dischargeable is enforceable to the extent that "the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court." 11 U.S.C. § 524(c). Conventional contract principles apply to reaffirmation agreements. In re Wiese, 337 B.R. 206, 209 (Bankr. N.D. Iowa 2005)(Kilburg, J.). If the Reaffirmation Agreement is voided under contract principles, it is unenforceable. Id. When interpreting contracts, the court looks to state law. Butner v. United States, 440 U.S. 48, 99 (1997).

This Court in Wiese determined that a Reaffirmation Agreement is not binding on the parties when there has been a mutual mistake. 337 B.R. at 209.

> When a mutual mistake occurs in the formation of a contract, avoidance is the proper remedy. Nichols v. City of Evansdale, 687 N.W.2d 562, 571 (Iowa 2004). "When a mistake of both parties at the time a contract was made as to a basic assumption upon which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party." Id. (citing Restatement (Second) of Contracts § 152(1)(1981)). This law has been applied to reaffirmation agreements. See In re Beaton, 211 B.R. 755, 759 (Bankr. N.D. Ala. 1997).

Wiese, 337 B.R. at 209.

In Wiese, the debtor sent a $50,000 payment to the mortgage creditor the same day that he filed a Chapter 7 petition. Id. Prior to that payment, the debtor owed $110,506.94 on the mortgage debt. Id. The debtor then entered into a reaffirmation agreement with the creditor for $60,716.15, the amount of the debt after deducting the $50,000. Id. The trustee sought and was granted turnover of the $50,000 the debtor paid to the mortgage creditor. Id. This Court held that "[b]ecause of this mistaken assumption of the parties, the Court declines to treat the statement of the balance due in the Reaffirmation Agreement as binding on [the creditor]." Id.

2

**ANALYSIS**

Debtors listed the Credit Union's mortgage as a secured debt on their Chapter 7 petition. This fact along with their reaffirmation of the debt establishes that they believed that the Credit Union held a valid lien on their residence. Likewise, the Credit Union also believed its mortgage lien was valid. Proceeding under this mistaken assumption, the parties entered into the Reaffirmation Agreement.

It is evident that the validity of the underlying lien had a "material effect on the agreed exchange of performances" in the Reaffirmation Agreement. If the Credit Union held a valid lien and Debtors had failed to reaffirm the debt, the Credit Union could have foreclosed on its interest in the property, causing Debtors to lose their primary residence. Without a valid lien, the Credit Union holds merely unsecured debt. In the absence of a Reaffirmation Agreement, unsecured debt is dischargeable. The parties' belief that the Credit Union held a valid lien is clearly an "assumption on which the contract was made" which had a "material effect on the agreed exchange of performances."

The principles applied in Wiese are applicable to the circumstances presented here. In both cases, the parties' assumptions related to the amount and validity of a mortgage. Although the bank was the adversely affected party in Wiese, the underlying principle remains the same. Both parties were mistaken as to a material assumption of fact on which the contract was made.

The Credit Union asserts that there was no mutual mistake. It argues that the invalidity of the mortgage lien was a result of a later contingency, i.e. Trustee avoiding the transfer, rather than a mistaken belief by the parties at the time of entering into the Reaffirmation Agreement. The Credit Union's position is unpersuasive.

The Credit Union states that "[h]ad the Trustee taken no action with respect to Linn Area Credit Union's mortgage interest, then its status as a secured creditor would have remained unchanged." (Br. 2.) This argument is incorrect. The automatic stay came into existence when Debtors filed their Chapter 7 petition. The stay prevented the Credit Union from perfecting its mortgage lien. While it is true that its status remained unchanged, the Credit Union improperly categorizes that status as that of a secured creditor. The Credit Union was always an unsecured creditor because of its failure to perfect its lien prepetition. Further, once Debtors filed their

bankruptcy petition, with the Credit Union's mortgage unperfected, there was no doubt whether Trustee would complete her duties and avoid the unperfected lien.

The Credit Union cites Wiese for the proposition that avoidance is the proper remedy for mutual mistake cases. (Br. 1.) However, the holding in Wiese is in direct opposition to the Credit Union's contention of absence of mutual mistake. In Wiese, a transfer of $50,000 was avoided by the trustee. This Court, on principals of mutual mistake, allowed for avoidance and modification of the reaffirmation agreement. In this case, Trustee avoided an unperfected security interest. In Wiese, the trustee avoided a preferential transfer. In both cases, there was a mutually mistaken factual assumption rather than an erroneous prediction of future events or later contingency.

The fact that the Credit Union continues to assert that it held a valid security interest in Debtor's property is somewhat puzzling. As previously stated, the automatic stay prevented the Credit Union's postpetition attempt to perfect its security interest. It admitted this in the adversary proceeding avoiding the lien. In re Sickels, 392 B.R. 423 (Bankr. N.D. Iowa 2008). The Credit Union took the position that "[t]he avoidance of the lien restore[d] Debtors' financial condition to the state it would have been had the mortgage never existed." Id. at 425. This would not be the case if the Credit Union were allowed to enforce the Reaffirmation Agreement.

The Credit Union's final assertion that Debtors, by not rescinding the agreement within the statutory 60 days, bore the risk of the Trustee avoiding the mortgage is equally puzzling. It has not provided any legal authority for the proposition that the debtor does or should bear the risk. It would appear that if asumption of risk should be allocated, it would more appropriately be placed upon the Credit Union which was the party in the best position to know whether the mortgage was valid since it had failed to properly record it.

## CONCLUSION

The Reaffirmation Agreement was entered into under mutual mistake. Contract principals require that Debtors be allowed to rescind it. The Credit Union's objection to the rescission must be denied.

**WHEREFORE,** Linn Area Credit Union's Objection to Rescission of Reaffirmation Agreement is DENIED.

4

**FURTHER,** the Reaffirmation Agreement is rescinded.

**FURTHER,** judgment shall enter accordingly.

Dated and Entered: November 20, 2008

_____
Paul J. Kilburg
Bankruptcy Judge